1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11 | GREGORY SHULL,                          CASE NO. 12-CV-1353-MMA (NLS)
12 |                          Plaintiff,     **ORDER GRANTING MOTION TO**
   |        vs.                             **DISMISS**
13 |                                         [Doc. No. 6]
14 | AMERICAN HOME MORTGAGE
   | SERVICING, INC. *et al.*,
15 |                          Defendants.
16

17          Presently before the Court is Defendants' Motion to Dismiss.  [Doc. No. 6.]  The motion is

18 unopposed.  For the reasons set forth below, the Court **GRANTS** the motion and **DISMISSES**

19 Plaintiff's Complaint without prejudice.

20                              I.  BACKGROUND

21          On May 3, 2012 Plaintiff Gregory Shull initiated this foreclosure-related action by filing a

22 complaint in state court.  [Doc. No. 1-1.]  Defendants timely removed the case to this Court.  [Doc.

23 No. 1.]  On June 15, Defendants filed a Motion to Dismiss seeking the dismissal of all claims

24 against them.  They contend that (1) Plaintiff lacks standing to prosecute this action because he

25 failed to disclose the existence of his claims to the Bankruptcy Court; (2) Plaintiff is judicially

26 estopped from prosecuting this action; and (3) Plaintiff's complaint otherwise fails to state a viable

27 claim for relief against Defendants.

28          On July 27, Plaintiff attempted to file an Opposition to the Motion to Dismiss, due on July

23.  On July 30, the Court struck the document as untimely, and notified Plaintiff that he must seek leave of the Court to file an untimely opposition.  [*See* Doc. No. 8.]  Approximately six weeks have passed, and Plaintiff has yet to seek leave to file an untimely opposition.  Thus, Defendants' Motion to Dismiss is unopposed.

## II.  DISCUSSION

A district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond.  *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  Southern District of California Civil Local Rule 7.1 provides:  "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court."  S.D. Cal. Civ. L. R. 7.1(f)(3)(a).  "Although there is . . . a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."  *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (affirming grant of motion to dismiss for failure to prosecute; *see also Dipp v. BAC Home Loans Servicing, LP*, 2012 U.S. Dist. LEXIS 75696 (S.D. Cal. May 31, 2012) (Battaglia, J.) (dismissing action pursuant to local Rule 7.1 for plaintiff's failure to respond to a motion to dismiss); *Yueh Chen v. PMC Bancorp*, No. 09-CV-2405-WQH(BLM), 2010 U.S. Dist. LEXIS 75468 (S.D. Cal. July 23, 2010) (Hayes, J.) (same); *Steel v. City of San Diego*, No. 09-CV-1743-MMA(WVG), 2009 U.S. Dist. LEXIS 103042 (S.D. Cal. Nov. 5, 2009) (Anello, J.) (same).

The docket reflects that Plaintiff, who is represented by counsel, was properly served with the Motion to Dismiss on June 15, 2012.  [Doc. No. 6-1 at 21.]  The motion was noticed for hearing on August 6, 2012.  Civil Local Rule 7.1 provides:  "each party opposing a motion . . . must file that opposition . . . with the clerk . . . not later than fourteen (14) calendar days prior to the noticed hearing."  S.D. Cal. Civ. L. R. 7.1(e)(2).  Plaintiff failed to file a timely opposition to the motion despite having a span of over 7 weeks between the motion notice and the hearing date.  Further, as noted above, to date, Plaintiff has not sought leave of the Court to file an untimely

opposition.  The Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss based on Plaintiff's failure to file a timely opposition. *Ghazali*, 46 F.3d at 53; *see also Dipp*, 2012 U.S. Dist. LEXIS 756696, at *3-5.

### III.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion and **DISMISSES** Plaintiff's complaint without prejudice.  The Clerk of Court is instructed to terminate the case.

**IT IS SO ORDERED.**

DATED:  September 18, 2012

Hon. Michael M. Anello
United States District Judge