1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

GREGORY SHULL,

CASE NO. 12-CV-1353-MMA (NLS)

12

Plaintiff,

**ORDER GRANTING MOTION TO DISMISS**

vs.

13

[Doc. No. 6]

14

AMERICAN HOME MORTGAGE
SERVICING, INC. *et al.*,

15

Defendants.

16
17

Presently before the Court is Defendants' Motion to Dismiss.  [Doc. No. 6.]  The motion is

18

unopposed.  For the reasons set forth below, the Court **GRANTS** the motion and **DISMISSES**

19

Plaintiff's Complaint without prejudice.

20

## I.  BACKGROUND

21

On May 3, 2012 Plaintiff Gregory Shull initiated this foreclosure-related action by filing a

22

complaint in state court.  [Doc. No. 1-1.]  Defendants timely removed the case to this Court.  [Doc.

23

No. 1.]  On June 15, Defendants filed a Motion to Dismiss seeking the dismissal of all claims

24

against them.  They contend that (1) Plaintiff lacks standing to prosecute this action because he

25

failed to disclose the existence of his claims to the Bankruptcy Court; (2) Plaintiff is judicially

26

estopped from prosecuting this action; and (3) Plaintiff's complaint otherwise fails to state a viable

27

claim for relief against Defendants.

28

On July 27, Plaintiff attempted to file an Opposition to the Motion to Dismiss, due on July

23.  On July 30, the Court struck the document as untimely, and notified Plaintiff that he must seek

leave of the Court to file an untimely opposition.  [*See* Doc. No. 8.]  Approximately six weeks

have passed, and Plaintiff has yet to seek leave to file an untimely opposition.  Thus, Defendants'

Motion to Dismiss is unopposed.

## II.  DISCUSSION

A district court may properly grant an unopposed motion to dismiss pursuant to a local rule

where the local rule permits, but does not require, the granting of a motion for failure to respond.

*See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  Southern District of California Civil Local

Rule 7.1 provides:  "If an opposing party fails to file the papers in the manner required by Civil

Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other

request for ruling by the court."  S.D. Cal. Civ. L. R. 7.1(f)(3)(a).  "Although there is . . . a [public]

policy favoring disposition on the merits, it is the responsibility of the moving party to move

towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."  *In*

*re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (affirming grant of motion to dismiss for failure to

prosecute); *see also Dipp v. BAC Home Loans Servicing, LP*, 2012 U.S. Dist. LEXIS 75696 (S.D.

Cal. May 31, 2012) (Battaglia, J.) (dismissing action pursuant to local Rule 7.1 for plaintiff's

failure to respond to a motion to dismiss); *Yueh Chen v. PMC Bancorp*, No. 09-CV-2405-

WQH(BLM), 2010 U.S. Dist. LEXIS 75468 (S.D. Cal. July 23, 2010) (Hayes, J.) (same); *Steel v.*

*City of San Diego*, No. 09-CV-1743-MMA(WVG), 2009 U.S. Dist. LEXIS 103042 (S.D. Cal.

Nov. 5, 2009) (Anello, J.) (same).

The docket reflects that Plaintiff, who is represented by counsel, was properly served with

the Motion to Dismiss on June 15, 2012.  [Doc. No. 6-1 at 21.]  The motion was noticed for

hearing on August 6, 2012.  Civil Local Rule 7.1 provides:  "each party opposing a motion . . .

must file that opposition . . . with the clerk . . . not later than fourteen (14) calendar days prior to

the noticed hearing."  S.D. Cal. Civ. L. R. 7.1(e)(2).  Plaintiff failed to file a timely opposition to

the motion despite having a span of over 7 weeks between the motion notice and the hearing date.

Further, as noted above, to date, Plaintiff has not sought leave of the Court to file an untimely

1  opposition.  The Court concludes that "the public's interest in expeditious resolution of litigation,"

2  "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in

3  favor of granting the Motion to Dismiss based on Plaintiff's failure to file a timely opposition.

4  *Ghazali*, 46 F.3d at 53; *see also Dipp*, 2012 U.S. Dist. LEXIS 756696, at *3-5.

5                          **III.   CONCLUSION**

6       Based on the foregoing, the Court **GRANTS** Defendants' motion and **DISMISSES**

7  Plaintiff's complaint without prejudice.  The Clerk of Court is instructed to terminate the case.

8       **IT IS SO ORDERED.**

9  DATED:  September 18, 2012

10

11                                    Hon. Michael M. Anello
                                      United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28